Filed 6/18/14  P. v. Singletary CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059557 |
| v. | (Super.Ct.No. FSB06601) |
| CHARLES SINGLETARY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Charles Singletary filed a petition pursuant to Penal Code section 1170.126[1] for resentencing. The court denied the petition finding defendant ineligible for resentencing. On appeal,[2] defendant contends the court erred in determining he was ineligible for resentencing. We affirm.

PROCEDURAL HISTORY

In 1995, a jury convicted defendant of attempted robbery (count 1; §§ 664/211) and possession of a controlled substance (count 3; Health and Saf. Code, § 11377, subd. (a)). The court found true allegations defendant had incurred two prior felony strike convictions for first degree burglary in 1986 and in 1989. The court found true allegations the same convictions were serious felonies pursuant to section 667, subdivision (a). The court sentenced defendant to an indeterminate term of 25 years to life on count 1; a concurrent, indeterminate term of 25 years to life on count 3; and two

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (*Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate. (*Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, 937 [treating appeal from denial of petition for resentencing as a petition for writ of mandate]; *In re Machado* (2014) ___ Cal.App.4th ___, 2014 Cal.App. LEXIS 483, *3 [treating appeal from denial of petition for resentencing as a petition for writ of habeas corpus.].) In any event, we will review the merits of defendant's appeal.

consecutive, determinate terms of five years on each of the prior serious felony enhancements.

On June 28, 2013, defendant filed a petition for resentencing pursuant to section 1170.126. The court denied the petition finding defendant "does not satisfy the criteria in [section] 1170.126[, subdivision] (e) and is not eligible."

DISCUSSION

Defendant contends the court erred in determining he was ineligible for resentencing pursuant to section 1170.126 because one of the substantive offenses upon which defendant was sentenced, possession of a controlled substance, was not a serious or violent felony. Thus, defendant argues he was statutorily eligible for resentencing with respect to the count 3 offense for which the court imposed a concurrent 25 years to life sentence. We disagree.

Section 1170.126 "provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286.) "First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would *not*

3

pose an unreasonable risk of danger, the court must actually resentence the prisoner." (*Id*. at p. 1299.)

Under section 1170.126, subdivision (e), an inmate is eligible for resentencing if he is (1) serving an indeterminate term of life imprisonment imposed pursuant to section 667, subdivision (e)(2), for a felony or felonies that are not defined as serious by section 1192.7, subdivision (c); (2) his current sentence was not imposed for offenses appearing in section 667, subdivisions (e)(2)(C)(i)-(iii); and (3) has not had prior convictions for any of the offenses appearing in section 667, subdivision (e)(2)(C)(iv). Section 1170.126 requires the superior court to "consider *all* current felonies in determining eligibility for recall of sentence." (*Braziel v. Superior Court, supra,* 225 Cal.App.4th at p. 947.) "[A] defendant inmate is not eligible for recall of his sentence if *any* of the offenses for which he is serving a three strikes sentence is a serious and/or violent felony, even if one or more of those sentences are not serious and/or violent felonies." (*Id.* at p. 946.)

Here, the court was required to consider all the felonies that led to defendant's indeterminate life sentence. This included consideration of defendant's conviction in count 1 for attempted robbery. (*Braziel v. Superior Court*, *supra*, 225 Cal.App.4th at p. 949 [Defendant ineligible for resentencing on consecutive 25 years to life term on nonserious, nonviolent count when simultaneously convicted of ineligible serious and/or violent felony].) Since a conviction for attempted robbery is a serious felony, defendant was not eligible for resentencing pursuant to section 1170.126. (§ 1192.7, subds. (c)(19)

4

[robbery] & (c)(39) ["any attempt to commit a crime listed in this subdivision other than an assault"]. Therefore, the court properly denied defendant's petition.[3]

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

KING
Acting P. J.

MILLER
J.

---

[3] We deny the People's request for judicial notice of the "Official Voter Information Guide for the California General Election of November 6, 2012" (Guide). The court in *Braziel* conducted sufficient analysis of the Guide before concluding its defendant was ineligible for resentencing on essentially the same basis as defendant in this case. (*Braziel v. Superior Court*, *supra*, 225 Cal.App.4th at pp. 945-946.)